UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE A. BELL,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEIDI WASHINGTON, *et al*.,<br><br>　　　　　　　　　Defendants. | Case No. 23-12720<br>Honorable Brandy R. McMillion<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT AND TO DENY PLAINTIFF'S DISPOSITIVE MOTIONS
(ECF NOS. 5, 10, 20, 30, 34)**

## I.　Introduction

In his first amended complaint, Plaintiff Tyrone A. Bell, proceeding pro se, sues Michigan Department of Corrections (MDOC) Director Heidi Washington and many wardens of MDOC correctional facilities, all in their individual capacities. ECF No. 5. Bell's lawsuit is filed for himself and "similarly situated incarcerated individuals." *Id*., PageID.56. After the case was reassigned to the Honorable Brandy R. McMillion in April 2024, she referred all pretrial matters to the undersigned under 28 U.S.C. § 636(b)(1). ECF No. 51.

Bell's amended complaint targets the MDOC's limitations on which prisoners may use laptops and thumb drives, and its failure to implement electronic filing for prisoners to access federal courts.  ECF No. 5, PageID.56.  During initial screening of Bell's claims under 28 U.S.C. § 1915A, the Honorable Laurie J. Michelson found that Bell's first amended complaint was operative.  ECF No. 23, PageID.435-437.  She then dismissed his First Amendment access-to-the-courts count; his Eighth Amendment cruel-and-unusual-punishment count; and his claim that defendants violated his rights under 42 U.S.C. § 1981.  *Id.*, PageID.438.

Left undismissed were Bell's claims under the Due Process and Equal Protection Clauses of the Fourteenth Amendment; the Michigan Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq.*; the Broadband Data Improvement Act, 47 U.S.C. § 1301 *et seq.*; and the Digital Equity Act, 47 U.S.C. § 1721 *et seq.*

The month after Judge Michelson dismissed part of Bell's amended complaint, defendants moved for dismissal or summary judgment, asserting that Bell failed to state a plausible claim or exhaust his administrative remedies.  ECF No. 30.  When arguing that Bell failed to state plausible claims under 42 U.S.C. § 1983, defendants first challenged the First Amendment and Eighth Amendment claims that Judge Michelson

2

already dismissed. ECF No. 23; ECF No. 30, PageID.511. Defendants also argued for the dismissal of Bell's equal protection, due process, and Broadband Data Improvement Act claims. ECF No. 30, PageID.511.

Bell failed to address defendants' argument that the Broadband Data Improvement Act created no private right of action. ECF No. 30, PageID.537-538 (*citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-86 (2002) (holding that a federal statute creates no private right of action unless its language unambiguously conferred the right)); ECF No. 41. He argued only that his inability to file court documents electronically interferes with his right to access to the courts. ECF No. 41, PageID.811. But as noted, Judge Michelson dismissed Bell's access-to-the-courts claim. ECF No. 23. And because Bell failed to rebut defendants' claim that the Broadband Data Improvement Act created no private right of action, he has waived opposition to the dismissal of that claim. *See Drake v. U.S. Enrichment Corp.,* 63 F. Supp. 3d 721, 725 (W.D. Ky. 2014); *Murray v. Geithner*, 763 F. Supp. 2d 860, 871 (E.D. Mich. 2011).

What remains at issue is whether Bell has stated plausible claims under the Fourteenth Amendment, the Michigan Elliot-Larsen Civil Rights Act, or the Digital Equity Act, and whether he exhausted his administrative remedies. The Court now recommends that Bell's complaint be dismissed

3

under § 1915A and for reasons stated in defendants' motion to dismiss. ECF No. 5; ECF No. 30. Bell's dispositive motions should then be denied as moot. ECF No. 10; ECF No. 20; ECF No. 34.

## II. ANALYSIS

### A.

Under the Prison Litigation Reform Act (PLRA), courts are required to dismiss sua sponte complaints that are frivolous, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915A(b). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff

4

and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

As noted, Judge Michelson partially dismissed part of Bell's amended complaint sua sponte. This Court finds that other portions of Bell's complaint are unsustainable and should be dismissed under § 1915A.

1.

First, Bell fails to state a claim for intentional discrimination. When dismissing his § 1981 claim, Judge Michelson reasoned that "Bell makes no allegations that he is subject to discrimination based on race." ECF No. 23, PageID.451. Courts apply the § 1981 standards to discrimination claims under Elliot-Larsen. *See Jackson v. Quanex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999) ("We review claims of alleged race discrimination

5

brought under § 1981 and the Elliot-Larsen Act under the same standards as claims of race discrimination brought under Title VII."). The Digital Equity Act also prohibits discrimination based on suspect classifications, including race. § 1726. For the same reasons that Judge Michelson dismissed Bell's § 1981 claim, his discrimination claims under the Elliot-Larsen and Digital Equity Act should be dismissed.

2.

Bell's amended complaint states that he is suing on behalf of a purported class of incarcerated individuals. But "the law prohibits pro se prisoners from representing other prisoners in class actions." *Boussum v. Washington*, 649 F. Supp. 3d 525, 528 (E.D. Mich.), *reconsideration denied*, 655 F. Supp. 3d 636 (E.D. Mich. 2023). Bell can advance claims on his own behalf only.

3.

The foundation of Bell's complaint is that Washington and "a collective of wardens" have "conspired" to deprive him and "similarly situated incarcerated individuals" of the use of laptops and access to electronic court filing systems. ECF No. 5, PageID.56, 58, 69, 74. But his civil conspiracy claim is futile under the "intracorporate conspiracy doctrine." *Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019).

6

That doctrine "applies in § 1983 suits to bar conspiracy claims where two or more employees of the same entity are alleged to have been acting within the scope of their employment when they allegedly conspired together to deprive the plaintiff of his rights." *Id*. A conspiracy requires "two persons or entities" and "it is the general rule that the acts of the agent are the acts of the corporation." *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.*, 926 F.2d 505, 509 (6th Cir. 1991). Thus, "members of the same legal entity cannot conspire *with one another* as long as their alleged acts were within the scope of their employment." *Jackson*, 925 F.3d at 818 (cleaned up, emphasis in original).

Bell accuses defendants of conspiring on matters within the scope of their employment to discriminate against him and other prisoners in violation of the Due Process and Equal Protection Clauses. But because defendants were acting as agents of the state of Michigan, they could not conspire with one another, and Bell's conspiracy claim must be dismissed. *Id*.

### 4.

The next question is whether Bell has made a plausible claim that any defendant was personally involved in depriving him of his Equal Protection rights. To succeed in a § 1983 claim, a plaintiff must show "that

7

each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action). When a plaintiff fails to plead with particularity what a defendant did to violate the asserted constitutional right, that defendant should be dismissed. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019). And Bell must plead the personal involvement of each defendant in depriving *him* of his constitutional rights; he cannot rely on the alleged deprivation of rights held by other prisoners. *Boussum*, 649 F. Supp. 3d at 528.

Bell claims that he experienced discrimination in many MDOC prisons, but he specifies no warden who was personally involved in denying him use of a laptop or electronic filing access. ECF No. 5, PageID.57-58. In fact, Bell does not name as a defendant the warden of G. Robert Cotton Correctional Facility (JCF), where Bell is housed. *Id.* And though Bell claims that Sherry Burt, warden of Muskegon Correctional Facility (MCF), violated his due process and equal protection rights, he does not claim that he was ever housed at MCF. ECF No. 5, PageID.57-58, 74. Bell's conclusory claim that Burt was involved in decisions affecting

8

him does not state a claim. See Rideout v. Shelby Twp., ___ F. Supp. 3d ___, No. 22-11597, 2023 WL 5917392, at *3 (E.D. Mich. Sept. 11, 2023).

Bell does allege in Count III of his amended complaint that Washington "knowingly and intentionally authorized policy directives and operating procedures that violate [his] right[s]." ECF No. 5, PageID.73-74. His complaint thus alleges that Washington was personally involved in violating his Fourteenth Amendment rights. In their motion, defendants argue that Bell's Fourteenth Amendment claims are not plausible. ECF No. 30. The Court agrees.

## B.

"A supervisory official" like Washington "can be liable under § 1983 for formulating or tolerating unconstitutional policies." Loy v. Sexton, 132 F. App'x 624, 628 (6th Cir. 2005). The question is whether Bell has made a plausible claim that Washington violated the Fourteenth Amendment by formulating or tolerating policies that permit legal writers and post-secondary educational students to use laptops and thumb drives, and permit legal writers to electronically file court documents, while denying Bell those privileges. See ECF No. 5, PageID.74.

Under the Fourteenth Amendment, a state many not "deprive any person of life, liberty, or property, without due process of law; nor deny to

9

any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Bell claims that defendants violated both the Due Process and Equal Protection Clauses of the Fourteenth Amendment, but the substance of this count does not sound in due process jurisprudence. ECF No. 5, PageID.73-78.

Bell claims in that count that there is no rational penological reason for treating him differently than legal writers and students. *Id*. Substantive due process does not involve questions of rationality; it involves government deprivations of life, liberty, or property that "shock the conscience." *Kerchen v. Univ. of Michigan*, ___ F.4th __, 2024 WL 1985963, at *7 (6th Cir. May 6, 2024). The Court agrees with defendants that "MDOC's failure to provide him a laptop is at worst an inconvenience and falls far short of the type of conduct that shocks the conscience." ECF No. 30, PageID.536. Nor does Bell meet the "high bar" for substantive due process by showing an intent "to injure in some way unjustifiable by any government interest." *Kerchen,* 2024 WL 1985963, at *8. Bell has asserted no cognizable injury. As Judge Michelson found, Bell has not been denied access to the courts; he managed to file myriad voluminous documents during the period addressed in his amended complaint. ECF No. 23, PageID.441-442.

Defendants are also right that Bell has failed to plead a procedural due process claim because he identifies no protected interest. *Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012) ("The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process.").

Finally, the Court agrees with defendants that Bell does not state an equal protection claim. "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Bell does not allege discrimination based on his membership in a suspect classification, so he must plead facts that would allow the court to reasonably infer that he is similarly situated with legal writers and post-secondary educational students and that the relevant policies lack a rational basis. *Iqbal*, 556 U.S. at 678.

To be similarly situated, the comparators must be "without such differentiating or mitigating circumstances that would distinguish" MDOC's different "treatment of them for it." *Umani v. Michigan Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (cleaned up). When it comes to the use of

11

laptops, thumb drives, and electronic court filing, there are obvious differentiating circumstances between Bell and his comparators—legal writers and students. And Bell cannot overcome MDOC's "presumption of rationality." *JDC Mgmt., LLC v. Reich*, 644 F. Supp. 2d 905, 926 (W.D. Mich. 2009). The Court must uphold MDOC's electronic equipment policies "if there is any *reasonably conceivable* state of facts that could provide a rational basis for" them. *Id.* (cleaned up); *see also Miles v. Helenski*, No. 2:18-CV-220, 2019 WL 156738, at *6 (W.D. Mich. Jan. 10, 2019) ("It is not difficult to conceive of a rational basis for refusing to permit prisoners who will never be released to participate in a program that educates prisoners so they will be ready for employment upon release."). It is easy conceive a rational basis for MDOC to use its limited resources to provide laptops only for prisoners who are legal writers and students.

Bell contends that there is no penological reason for treating him differently than legal writers and students. ECF No. 5, PageID.75-78. But courts do not "micromanage or second-guess State corrections officials" for their policies about "the efficient and orderly management of Michigan prisons." *Mingus v. Butler*, No. 05-73842, 2007 WL 2901694, at *3 (E.D. Mich. Oct. 4, 2007). Decisions about "the daily operation of a correctional facility pose[] difficult and unique management problems," so courts accord

prison officials "substantial deference in the adoption and implementation of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Brown v. Johnson*, 743 F.2d 408, 410 (6th Cir. 1984) (cleaned up); *see also Groseclose v. Dutton*, 609 F. Supp. 1432, 1443 (M.D. Tenn. 1985) ("Federal courts must therefore avoid…encroaching upon the role of state prison officials.").

In sum, Bell's request for the Court to scrutinize the MDOC's laptop, thumb drive, and electronic filing policies should be rejected.[1]

### III. Conclusion

Bell's complaint should be dismissed under § 1915A and for the reasons stated in defendants' motion to dismiss. ECF No. 5; ECF No. 30. Bell's dispositive motions should then be denied as moot. ECF No. 10; ECF No. 20; ECF No. 34.

---

[1] With this conclusion, this Court does not reach defendants' arguments about whether Bell exhausted his administrative remedies. But the Court has previously that the MDOC treats the contents of policies as non-grievable and that prisoners need not exhaust non-grievable issues. *See Moore v. Washington*, No. 21-12564, 2023 WL 2297432, at *2 (E.D. Mich. Feb. 6, 2023), *adopted*, No. 21-CV-12564, 2023 WL 2267186 (E.D. Mich. Feb. 28, 2023).

13


|  |  |
|---|---|
| Dated: May 15, 2024 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

## **NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 15, 2024.

                                                s/Marlena Williams
                                                MARLENA WILLIAMS
                                                Case Manager