UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE A. BELL,

    Plaintiff,

v.

HEIDI WASHINGTON, *et. al.*,

    Defendant.

_____/

Case No. 2:23-cv-12720
Hon. Brandy R. McMillion

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 59), OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 62), AND DISMISSING THE AMENDED COMPLAINT (ECF NO. 5)**

Plaintiff Tyrone A. Bell, filed this *pro se* prisoner civil rights action against Michigan Department of Corrections ("MDOC") Director Heidi Washington and twelve MDOC wardens (Macauley, Rewerts, Horton, Jane/John Doe, Jackson, Campbell, Kowaski, Skipper, Burt, Burton, Winn and Artis) (collectively, "Defendants") alleging violations of his constitutional rights and various statutes, including those under the Fourteenth Amendment, the Michigan Elliot-Larsen Civil Rights Act, the Broadband Data Improvement Act, and the Digital Equity Act. *See generally* ECF No. 5. Bell's allegations concern MDOC's limitations on certain prisoners' use of laptops and thumb drives, as well as its failure to implement electronic filing for prisoners to access federal courts. *Id*.

1

On December 21, 2023, the Honorable Laurie J. Michelson initially screened this case under 28 U.S.C. § 1915A and dismissed Bell's First Amendment Access to Courts count, his Eighth Amendment Cruel and Unusual Punishment count, and his claims under 42 U.S.C. § 1981.  *See* ECF No. 23, PageID.446, 451.  Judge Michelson then referred all pretrial matters to Magistrate Judge Elizabeth A. Stafford.  ECF No. 24.

Following Judge Michelson's partial dismissal, Defendants moved for dismissal or summary judgment, arguing that Bell failed to state a plausible claim or exhaust his administrative remedies.  *See* ECF No. 30.  The parties fully briefed that motion.  *See id*., ECF Nos. 41, 43.  On April 2, 2024, this matter was reassigned to the undersigned.  On April 4, 2024, the Court referred all remaining pretrial matters to Magistrate Judge Stafford, including the Motion to Dismiss.  ECF No. 51.

Magistrate Judge Stafford issued a Report and Recommendation ("R&R") suggesting that the Court grant Defendants' motion and dismiss Plaintiff's amended complaint.  ECF No. 62.  Having reviewed the record and considering Bell's objections *de novo*, the Court concludes that his arguments are without merit.  Accordingly, the Court will **ACCEPT AND ADOPT** the R&R's findings and

conclusions, **GRANT** Defendants' Motion to Dismiss, and **DISMISS WITH PREJUDICE** the First Amended Complaint.[1]

## I.

Defendants move to dismiss Bell's amended complaint for failure to state a claim for relief, specifically challenging Bell's First Amendment access-to-the-courts, Eighth Amendment, Equal Protection, Due Process, and Broadband Data Improvement Act claims. *See generally* ECF No. 30, PageID.525-38. They also argue that Bell failed to state how any MDOC Defendants were personally involved in any unconstitutional conduct. *Id*. at PageID.539-40. In the alternative, they argue that the Court should dismiss because Bell failed to exhaust his administrative remedies. *Id*. at PageID.541-549. Bell responded and the motion was fully briefed. ECF Nos. 41, 43.

## II.

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity. *Thomas v. Arn*, 474

---

[1] Dismissal of the Amended Complaint renders the remainder of the pending motions and corresponding report and recommendation moot. *See* ECF Nos. 10, 20, 27, 30, 34, 63, 64, 66.

3

U.S. 140, 151 (1985) (citation omitted); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Moreover, an objection that "merely restates the arguments previously presented does not sufficiently identify alleged errors on the part of the magistrate judge." *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D. Mich. 2004). The Court "is not obligated to address objections made in this form because the objections fail to identify the specific errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470 at *3, 2013 U.S. Dist. LEXIS 44411 at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted). The Court also need not undertake any review of portions of a report to which no party has objected. *See Thomas*, 474 U.S. at 153. However, a *de novo* review of proper objections requires at least a review of the evidence before the Magistrate Judge; and the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

### III.

In screening the case, Judge Laurie Michelson summarily dismissed Bell's First Amendment access-to-the-courts and Eighth Amendment claims. *See* ECF No. 23, PageID.446, 451. Despite Defendants' arguments in its motion to dismiss relating to these claims, the Court finds that they have properly been dismissed for the reasons stated in the Order Partially Dismissing Complaint. *See* ECF No. 23. Defendants' also raise arguments that Bell's Broadband Data Improvement Act claims should be dismissed because the Act does not create a private right of action. *See* ECF No. 30, PageID.537-538 (*citing Gonzaga Univ. v. Doe*, 536 U.S. 273, 283–86 (2002). In response to Defendants' motion, Bell failed to address that argument, thus waiving his opposition to the dismissal of that claim. The Court therefore finds that dismissal is also appropriate for the Broadband Data Improvement Act claims.

Bell lodges 24 objections to Magistrate Judge Stafford's R&R. *See* ECF No. 62. Many of the objections simply restate his arguments in response to the motion to dismiss or fail to raise specific objections. Because objections must be clear so that the Court can "discern those issues that are dispositive and contentious" and mere restatement of argument is not appropriate or sufficient, the Court summarily overrules **Objections 2, 5, 7-10, 12-15, 19, 23**. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Funderburg v. Comm'r of Soc.*

*Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016). The Court also overrules the remaining objections and will address each in turn.

**Objections 1-4, 20**: Bell argues that Magistrate Judge Stafford does not have jurisdiction to rule on the Motion to Dismiss. However, all pretrial matters were properly referred to Magistrate Judge Stafford for a determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).

**Objections 3, 4, 6, 11**: Bell argues that Magistrate Judge Stafford references the wrong statute in the R&R when referring to the Broadband Data Improvement Act. However, the reference to 47 § U.S.C. 1301 *et. seq.* was proper. Throughout his objections related to the Broadband Data Improvement Act, Bell conflates that Act with the Digital Equity Act, 47 U.S.C. § 1721 *et. seq.* Citing to the "definition section," Bell asserts that the Digital Equity Act protects him as an incarcerated individual. However, the Court finds his objections to be unavailing. Bell's continual references to the "definition section" of the Digital Equity Act does not respond to Defendants' argument that there is no private cause of action under the Broadband Data Improvement Act; nor does it state a claim that he is entitled to relief under either of those Acts.

**Objection 16**: Bell argues that he has a protected interest but does not identify what if anything that protected interest is, other than the general assertion that he

has the right to have his constitutional rights upheld. Bell fails to plead a procedural due process claim where he fails to allege a protected interest.

**Objections 17-18**: Bell argues that he is similarly situated, as a paralegal, with legal writers and students. However, Bell has provided no information and has not plead with any specificity that he is a paralegal. Nonetheless, he fails to assert how treatment of a paralegal different from legal writers and students lacks a rational basis as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**Objection 21-22**: Bell argues that Washington was a part of a civil RICO conspiracy. However, as the R&R correctly states, the intracorporate conspiracy doctrine bars suit where two or more employees of the same entity are alleged to be acting in concert with each other within the scope of their employment to deprive someone of their rights. *See Jackson v. City of Cleveland*, 925 F.3d 793, 818 (6th Cir. 2019).

**Objection 24**: Bell's objection does not address any of the factual findings or legal conclusions in the R&R, but raises issues of bias and recusal that the Court finds unsubstantiated.

Accordingly, Magistrate Judge Stafford's Report and Recommendation (ECF No. 59) is **ACCEPTED AND ADOPTED** as this Court's factual findings and conclusions of law. Plaintiff's Objections (ECF No. 62) are **OVERRULED**.

**IT IS HEREBY ORDERED** that Bell's Amended Complaint (ECF No. 5) is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Bell's dispositive motions (ECF Nos. 10, 20, 30, 34), his Motion for Next Friend Designation (ECF No. 27), his Motion to Exercise Equitable Authority (ECF No. 49), his Motions for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 63, 64), and the Report and Recommendation to deny his Motions for Temporary Restraining Order and Preliminary Injunction (ECF No. 66) are **DENIED AS MOOT**.

This is a final order that closes the case.

**IT IS SO ORDERED.**

Dated: June 20, 2024

s/Brandy R. McMillion
Brandy R. McMillion
United States District Judge